KECK INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37821.    Promulgated October 24, 1933.

*Thomas R. Dempsey, Esq.,* and *A. Calder Mackay, Esq.,* for the petitioner.

*R. W. Wilson, Esq.,* for the respondent.

144

OPINION.

SMITH: Although the petitioner claimed no deduction from gross income for the year 1923 in respect of an alleged loss on the exchange of 321,275 shares of capital stock of the Miley-Keck Oil Co. for shares of stock of the Pacific Oil Co., it alleges in its petition that the respondent erred in refusing to allow the deduction of a loss of $250,594.50 upon such exchange. The basis of this claim is that the fair market value of 321,275 shares of stock of the Miley-Keck Oil Co. at the time acquired by it in exchange for shares of its own capital stock was $1,535,694.50 and that inasmuch as the fair market value of the stock of the Pacific Oil Co. at the time it was received by it in 1923 in exchange for the stock of the Miley-Keck Oil Co. is deemed to have been only $1,285,100, the difference represents a deductible loss.

When the petitioner acquired the 321,275 shares of stock of the Miley-Keck Oil Co. on November 17, 1922, they were placed upon its books as an asset at $1,285,100. The petitioner now contends that that entry was in error. Although admitting that the values of the other assets placed upon its books of account in 1922 represented their fair market value, it contends that the fair market value of the Miley-Keck Oil Co. stock was $1,535,694.50. In support of this contention the petitioner has adduced the testimony of John R. Roberts, an internal revenue agent, who in 1927 valued the leasehold interests of the Miley-Keck Oil Co. as of November 17, 1922, for the purpose of determining proper allowances for depletion. He estimated that the petitioner should recover 7,651,296 barrels of oil from its leasehold interests and that the value of the oil in the ground on November 17, 1922, was $5,141,670.91. Inasmuch as

the liabilities of the Miley-Keck Oil Co. was $357,368.35 in excess of all assets, exclusive of the leasehold interests, the petitioner assumes that the net value of the assets of that company on November 17, 1922, was $5,141,670.91 less $357,368.35, or $4,784,302.56. Since the company had 1,000,000 shares of stock outstanding, the petitioner assumes that the fair market value of all of its shares on November 17, 1922, was $4,784,302.56, or at the rate of $4.78 per share, and that the fair market value of the 321,275 shares acquired by the petitioner was $1,535,694.50. The petitioner also adduced the testimony of William M. Keck, who stated that in his opinion the value of the stock at the date of the organization of the petitioner was in excess of $5 per share.

We think that the evidence presented by the petitioner does not overcome the presumption of the correctness of the taxpayer's books of account and of the determination of the respondent in accordance therewith. We have no reason to assume that in 1922 the value of the 321,275 shares of stock of the Miley-Keck Oil Co. was determined on any basis different from that of the other assets acquired by the petitioner at the same date and the petitioner admits that the other assets were placed upon its books of account at their fair market value. The valuation by the revenue agent in 1927 was for the purpose of determining a correct allowance for depletion. It may or may not have borne a direct relationship to the fair market value of the shares of stock of the Miley-Keck Oil Co. Even if it did bear such relationship to the total number of shares outstanding, it is by no means proved that the fair market value of 321,275 shares was at the same rate as the total number of shares outstanding, namely, 1,000,000. We think that the estimate of the officers of the corporation in 1922 is entitled to more weight than the estimate of William M. Keck in 1932, the date of the hearing of this proceeding, that the shares of stock in 1922 had a fair market value of $5 per share. It is furthermore to be noted that there is no evidence that the fair market value of the 321,275 shares of stock in question suffered any diminution from the date of acquisition by the petitioner to the date of exchange in 1923 for shares of stock of the Pacific Oil Co., and both parties agree that in 1923 the fair market value of the shares of stock of the Pacific Oil Co. received in exchange was $1,285,100. Furthermore, the petitioner's books of account do not reflect that it sustained any loss in respect of the exchange transaction. We, therefore, think that there is no basis for the claim of a deductible loss on the part of the petitioner in respect of the exchange. The contentions of the petitioner upon this point are not sustained.

The deficiency notice dated February 27, 1928, forming the basis for the petition, states:

\* \* \* the information on file discloses that inasmuch as the stock of the Keck Investment Company is closely held, and whereas balance sheets submitted with your return for the year 1923 disclose the fact that you received during the year, taxable income and nontaxable dividends in the aggregate amount of $226,188.76, and distributed to your stockholders within the year dividends aggregating only $50,000.00, this office holds that your corporation was availed of for the purpose of evading the imposition of surtaxes upon its stockholders and that the tax imposed by Section 220 of the Revenue Act of 1921 attaches to the year 1923. \* \* \*

Section 220 of the Revenue Act of 1921 provides:

That if any corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its stockholders or members through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, there shall be levied, collected, and paid for each taxable year upon the net income of such corporation a tax equal to 25 per centum of the amount thereof, which shall be in addition to the tax imposed by section 230 of this title and shall be computed, collected, and paid upon the same basis and in the same manner and subject to the same provisions of law, including penalties, as that tax: *Provided*, That if all the stockholders or members of such corporation agree thereto, the Commissioner may, in lieu of all income, war-profits and excess-profits taxes imposed upon the corporation for the taxable year, tax the stockholders or members of such corporation upon their distributive shares in the net income of the corporation for the .taxable year in the same manner as provided in subdivision (a) of section 218 in the case of members of a partnership. The fact that any corporation is a mere holding company, or that the gains and profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a purpose to escape the surtax; but the fact that the gains and profits are in any case permitted to accumulate and become surplus shall not be construed as evidence of a purpose to escape the tax in such case unless the Commissioner certifies that in his opinion such accumulation is unreasonable for the purposes of the business. When requested by the Commissioner, or any collector, every corporation shall forward to him a correct statement of such gains and profits and the names and addresses of the individuals or shareholders who would be entitled to the same if divided or distributed, and of the amounts that would be payable to each.

The evidence indicates that the petitioner was purely a holding or investment company in 1923. All but one of its shares of stock were held equally by William M. Keck and Alice B. Keck, his wife. Interest and dividends which were received by it in 1923, and income from other sources, were used for paying certain expenses and the balance was principally availed of for further investment, with the exception of $50,000 which was paid out as dividends to stockholders. The petitioner contends that it was necessary for it to finance the Superior Oil Co., which had little bank credit, and that if it had not financed that company its investment in it would have been lost by forfeiture of leases. We are not, however, impressed by this argument. The business of the Superior Oil Co. was not the business of this company. After a careful consideration of all of the evi-

dence we conclude that the petitioner was organized primarily as a holding company for the purpose of holding certain of the investments of William M. Keck and Alice B. Keck. It was so operated in 1923. If the Keck Investment Co. had not been formed there is no question but that the two principal stockholders would have been liable to surtax not only upon the net income shown by the petitioner upon its income tax return for 1923, but also to income tax upon $146,966.44 of dividends from domestic corporations. Through the instrumentality of the petitioner surtax was avoided by the two principal stockholders upon all but $50,000 paid by the petitioner as dividends. The action of the respondent in holding the petitioner liable to the 25 percent tax imposed by section 220 of the Revenue Act of 1921 is sustained. Cf. *United Business Corp. of America* v. *Commissioner*, 62 Fed. (2d) 754; affirming *United Business Corp. of America*, 19 B.T.A. 809; *Williams Investment Co.* v. *United States*, 3 Fed. Supp. 225.

The third contention of the petitioner is that the respondent erroneously and illegally computed the tax asserted to be due under the provisions of section 220 of the Revenue Act of 1921 in that he computed a tax of 25 percent on an amount equal to the net income of petitioner plus dividends received by petitioner from domestic corporations less the amount of dividends paid by petitioner during the year, instead of a tax of 25 percent upon petitioner's net income for the year 1923, as provided by section 220. Upon brief the respondent concedes error in his computation and states that the petitioner's return for 1923 discloses net income of $79,222.32 and that the correct deficiency thereon would be 25 percent of that amount, to wit, $19,805.58.

Reviewed by the Board.

*Judgment will be entered for the respondent in the amount of $19,805.58.*

TRAMMELL, BLACK, GOODRICH and ADAMS dissent on the application of section 220 of the Revenue Act of 1921.